# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of:<br>Information stored within the iCloud Account associated with DSID/Apple Account Number 1338547227 and/or email address rickscafedxb@yahoo.com at Apple Inc., One Apple Parkway, Cupertino, CA 95014 | Case No. 2:22-MJ-1530 |

**WARRANT BY TELEPHONE PURSUANT TO 18 U.S.C. § 2703**

To:   Any Authorized Law Enforcement Officer

An application by a federal law enforcement officer requests the production and search of the following data:

> *See Attachment A*

The data to be produced and searched, described above, are believed to contain the following:

> *See Attachment B*

I find that the affidavit, or any recorded testimony, establishes probable cause to produce and search the data described in Attachment A, and to seize the data described in Attachment B.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE HEREBY COMMANDED** to serve this warrant on Apple Inc. at any time within 14 days from the date of its issuance.

**Apple Inc. IS HEREBY COMMANDED** to produce the information described in Attachment A within 10 calendar days of the date of service of this order. Apple Inc. **IS FURTHER COMMANDED** to comply with the further orders set forth in Attachment B, pursuant to 18 U.S.C. § 2705(b), shall not notify any person, including the subscriber(s) of the account/s identified in Attachment A, of the existence of this warrant

The officer executing this warrant, or an officer present during the execution, shall prepare an inventory as required by law, and shall promptly return this warrant and the inventory to the United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE FURTHER COMMANDED** to perform the search of the data provided by Apple Inc. pursuant to the procedures set forth in Attachment B.

Date and time issued: 4-15-22 at 5:08 p.m.

*Judge's signature*

City and State: Los Angeles, California

Margo A. Rocconi, United States Magistrate Judge
*Printed name and title*

AUSA: Daniel J. O'Brien (213) 894-2468

| | **Return** |
|---|---|
| Case No: 2:22-MJ-1530 | Date and time warrant served on provider: 4/19/2022 8:25am |

Inventory made in the presence of:

Inventory of data seized:
[Please provide a description of the information produced.]

Approximately 57.5 GB of data, comprised of the following Apple data sets:

Account Information
iCloud Backup
iCloud Bookmarks
iCloud Calendar and Reminders
iCloud Contacts
iCloud Documents
iCloud Drive
iCloud Find My Friends
iCloud Mail
iCloud Mail Headers
iCloud Maps
Messages in iCloud
iCloud Notes
iCloud Photos
Photostream
Safari Browsing History
Logs - iCloud
Logs - iCloud Mail
Logs - FaceTime
Logs - iMessage

## Certification

*I declare under penalty of perjury that I am an officer involved in the execution of this warrant, and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.*

Date: 5/23/2022

*B. Adib* (signature)

*Executing officer's signature*
Babak Adib, Special Agent - FBI
*Printed name and title*

<u>ATTACHMENT A2</u>

**PROPERTY TO BE SEARCHED**

This warrant applies to information associated with the SUBJECT ACCOUNT, identified as iCloud Account associated with DSID/Apple Account Number 1338547227 and/or email address rickscafedxb@yahoo.com, that is within the possession, custody, or control of Apple, Inc. a company that accepts service of legal process at One Apple Park Way, M/S 169-5CLP, Cupertino, California 95014, regardless of where such information is stored, held, or maintained.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I.  **SEARCH PROCEDURES**

1.  The warrant will be presented to personnel of Apple, Inc. (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

2.  To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3.  The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the law enforcement personnel specified below in Section IV.

4.  With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a. below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant. The search shall extract and seize only the specific items to be seized under this warrant (see Section III below). The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques. The review of the electronic data may

be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

   5.   The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

   6.   The search team will complete its search of the content records as soon as is practicable but not to exceed 120 days from the date of receipt from the PROVIDER of the response to this warrant.  The government will not search the content records beyond this 120-day period without first obtaining an extension of time order from the Court.

   7.   Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court.  Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8.      The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9.      Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

## II.  INFORMATION TO BE DISCLOSED BY THE PROVIDER

10.     To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, regardless of whether such information is located within or outside of the United States, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A:

         a.     All contents of all wire and electronic communications associated with the SUBJECT ACCOUNT that occurred between October 1, 2016 and the date of this warrant,[1] including:

---

[1] To the extent it is not reasonably feasible for the PROVIDER to restrict any categories of records based on this date restriction (for example, because a date filter is not available for such data), the PROVIDER shall disclose those records in its possession at the time the warrant is served upon it.

     i. All e-mails, communications, or messages of any kind associated with the SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each e-mail or message, and any related documents or attachments.

     ii. All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, videos, notes, texts, links, user profiles, account settings, access logs, and files.

     iii. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

     iv. All stored files and other records stored on iCloud for the SUBJECT ACCOUNT, including all device backups, all Apple and third-party app data (such as third-party provider emails and Whatsapp application chats backed up via iCloud), all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, and Keynote), iCloud Tabs, and iCloud Keychain, and all address books, contact and buddy lists,

notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

        b.    All other records and information, including:

     i. All subscriber information, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), any alternate names, other account names or e-mail addresses associated with the account, linked accounts, telephone numbers, physical addresses, and other identifying information regarding the subscriber, including any removed or changed names, email addresses, telephone numbers or physical addresses, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment, including detailed billing records, **and including any changes made to any subscriber information** or services, including specifically changes made to secondary e-mail accounts, phone numbers, passwords, identity or address information, or types of services used, and including the dates on which such changes occurred, for the SUBJECT ACCOUNT.

ii. All activity, connection, and transactional logs for all activity relating to each SUBJECT ACCOUNT described above in Section II.10.a. (all log files, dates, times, durations, data transfer volumes, methods of connection, authentication logs, IP addresses, ports, routing information, dial-ups, and locations), including FaceTime call invitation logs, mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), messaging and query logs (including iMessage, SMS, and MMS messages), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My logs, logs associated with device activation and upgrades, and logs associated with web-based access of Apple services (including all associated identifiers);

iii. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files);

### III. INFORMATION TO BE SEIZED BY THE GOVERNMENT

11. For the SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

a. All information described above in Section II.10.a. that constitutes evidence, contraband, fruits, or instrumentalities of violations of the Foreign Agents

Registration Act, 22 U.S.C. §§ 611, et seq., restrictions on former officers of the Executive Branch, 18 U.S.C. § 207(f), obstruction of justice, 18 U.S.C. § 1512(c), aiding and abetting, 18 U.S.C. § 2(a), and conspiracy, 18 U.S.C. § 371, namely:

      i. Information relating to who created, accessed, or used the SUBJECT ACCOUNT, including records about their identities and whereabouts.

      ii. Information relating to meetings, messages, conversations, or other interactions with:

- foreign governments or any agency of a foreign government, and their officials, representatives, or agents;
- U.S. government officials or members of Congress;
- Imaad Zuberi, Richard Olson, Ahmed Al-Rumaihi, John Sandweg, or Martin Van Valkenburg; and
- employees or agents of Spark Cognition, Fifth Dimension, or any overseas business entities.

    b. All records and information described above in Section II.10.b.

## IV. PROVIDER PROCEDURES

12. IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the

service of this warrant.  The PROVIDER shall send such information to:

> Special Agent Babak Adib
> FBI - Los Angeles Field Office
> Orange County Resident Agency
> Desk: (714) 939-3563
> Cell: (949) 337-5411
> Email: badib@fbi.gov

13.  IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant, until further order of the Court, until written notice is provided by the United States Attorney's Office that nondisclosure is no longer required, or until one year from the date this warrant is signed by the magistrate judge or such later date as may be set by the Court upon application for an extension by the United States.  Upon expiration of this order, at least ten business days prior to disclosing the existence of the warrant, the PROVIDER shall notify the agent identified in paragraph 12 above of its intent to so notify.