E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2468
    Facsimile: (213) 894-7631
    E-mail:    Daniel.obrien@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Information stored within the iCloud Account associated with DSID/Apple Account Number 1338547227 and/or email address rickscafedxb@yahoo.com at Apple Inc., One Apple Parkway, Cupertino, CA 95014 | Case No. 2:22-MJ-1530<br><br>GOVERNMENT'S OPPOSITION TO MOTION TO PARTIALLY UNSEAL THE DOCKET; DECLARATION OF DANIEL J. O'BRIEN<br><br>**(UNDER SEAL)** |

    The government files this opposition to the Motion to Partially Unseal the Docket filed by Richard Gustave Olson, Jr.  This opposition is based upon the attached declaration of Daniel J. O'Brien and the records and files in this case.

    The Movant does not have a right to access the materials he seeks.  The Ninth Circuit has held that neither the First Amendment nor common law establishes a qualified right of access to search warrant proceedings and materials where, as here, a criminal investigation is ongoing.  <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1216 (9th Cir. 1989).

In discussing the need for secrecy in grand jury proceedings, the Supreme Court has listed several concerns that weigh in favor of preserving the proceedings' secrecy:

> [I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment.

Id. (quoting Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 219 (1979)). These concerns apply with equal force here. Contra United States v. Kott, 135 F. App'x 69, 71 (9th Cir. 2005) (ordering records unsealed because investigation had been completed, concluding, "the justification for keeping the materials sealed has now fallen away").

Finally, because the search warrant at issue was obtained pursuant to the Electronic Communications Privacy Act of 1986 (ECPA), none of the Movant's physical property was seized, so unsealing the records would not enable him to seek the return of property under Federal Rule of Criminal Procedure 41(g). Contra In re Searches & Seizures, No. 08-SW-0361 DAD, 2008 WL 5411772, at *2 (E.D. Cal. Dec. 19, 2008) (considering movant's need to recover physical property as an argument in favor of unsealing search warrant materials).

Because the law does not grant movant a right of access to the sealed materials, his motion should be denied.

```
Dated: October 20, 2022        Respectfully submitted,

                               E. MARTIN ESTRADA
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                  /s/ Daniel J. O'Brien
                               DANIEL J. O'BRIEN
                               Assistant United States Attorney

                               Attorneys for Applicant
                               UNITED STATES OF AMERICA
```

DECLARATION OF DANIEL J. O'BRIEN

I, Daniel J. O'Brien, declare as follows:

1.  I am an Assistant United States Attorney for United States Attorney's Office for the Central District of California.  I am the attorney responsible for handling the search warrant application in this matter and the investigation that spawned it.  The search warrant application was one of three search warrants obtained by the government pursuant to the same affidavit.  My co-counsel in the investigation is Evan Turgeon, a trial attorney for the Department of Justice's National Security Division in Washington, D.C.

2.  Movant Richard Gustave Olson, Jr. ("Olson") is the defendant charged in *United States v. Olson*, CR 22-104-PA, with two offenses.  One of the charges, a violation of aiding or advising a foreign government in violation of Title 18, United States Code, Section 207(f), related to the investigation referenced above.  On April 7, 2022, the government and the defendant agreed to transfer the matter to the District Court for the District of Columbia pursuant to Rule 20 for a change of plea and sentencing.  Counsel of record for the government in the transferred case, case number 22-CR-144-GMH, are Mr. Turgeon and Assistant United States Attorney Stuart Allen.  On June 3, 2022, Olson pleaded guilty to the two charged offenses.  Sentencing is currently scheduled for November 29, 2022, before Magistrate Judge G. Michael Harvey.

3.  Olson is also the subscriber of the iCloud account rickscafedxb@yahoo.com, which was the subject of the search warrant in this matter.  On September 27, 2022, the court granted the application by Olson's counsel to appear as a non-resident attorney in this matter.

4. The search warrant application (Dkt 1, ¶¶ 147-153) sets forth the justification for withholding the search warrant application and related documents from Olson, the subscriber.

5. The sealing application (Dkt 4, Declaration ¶¶ 3-6) sets forth a detailed justification for sealing the search warrant application and related documents.

6. The circumstances identified in the sealing application have not changed, and the criminal investigation remains ongoing as to other individuals.  Thus, the government has not moved to unseal the search warrant application and related documents and opposes Olson's motion to unseal.

7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED: October 20, 2022

/s/
DANIEL J. O'BRIEN